UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JIA WEN ASHLEY WEI, ANDREW FUNG,
JEFFERSON LAI, HAN YE, NORNA TSENG,
YU DENG, YING CHEN, MAX ZHONG,
AUSTIN ZHONG, ERIC CHENG,

15 cv 08245 (vb)(JM)

        Plaintiffs,

vs.

**FIRST AMENDED COMPLAINT**

GARY SPEARS, sued in his official and in
his individual capacities,

        Defendant.
-------------------------------------------------------x

By and through their attorney, Michael H. Sussman, plaintiffs complain of defendant as follows:

## I. PARTIES

1. Plaintiffs, JIA WEN ASHLEY WEI, ANDREW FUNG, JEFFERSON LAI, HAN YE, NORNA TSENG, YU DENG, YING CHEN, MAX ZHONG, AUSTIN ZHONG and ERIC CHENG, are all citizens who reside at 140 Galley Hill Road, Cuddebackville, New York within this judicial district.

2. Defendant, GARY SPEARS, resides in the Town of Deerpark, New York within this judicial district. Defendant SPEARS is Town Supervisor and a state actor, and the actions complained of herein were taken under color of state law. He is sued in his official and individual capacities.

## II. JURISDICTION

3. As defendant violated plaintiffs' rights arising under the First and Fourteenth Amendments and the Voting Rights Act of 1965, 42 U.S.C. 10307(b) and as the

1

state law claim arises from the same nucleus of operative facts, this Honorable Court has jurisdiction over this matter pursuant to 42 U.S.C. sections 1983 and 1988, 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 1367.

III. **FACTUAL AVERMENTS**

4. Plaintiffs are amongst a group of thirty similarly-situated Chinese-Americans who reside at a Buddha school temple located at 140 Galley Hill Road in Deerpark, New York.

5. With the exception of plaintiffs Deng and Chen, each plaintiff is a student who resides full-time at Fei Tian College, which is located at the same address.

6. Each plaintiff lives and receives mail at 140 Galley Hill Road.

7. In July 2015, each of the plaintiffs registered to vote, as was his/her right as a United States citizen.

8. On August 19, 2015, defendant Spears, then the Town Supervisor of the Town of Deerpark, publicly stated, "**Over all there were 60 or 68 new registrations in Deerpark this year of Chinese people. We are concerned, first of all if they were citizens. We noticed there were thirty new registrants at the same address and all the alarms went off. We do intend to file a challenge to these registrations and see what's going on.**"

9. At the time he made these statements in his individual capacity, defendant Spears had been a member of the Town of Deerpark Town Board of Planning Board for about fifteen years and knew that many people of Chinese origin live at "the same address," and that the address legally holds a temple and a college with dormitories.

10. At the time he made these statements, defendant Spears had no reason to believe that any of the plaintiffs, who legally registered, had engaged in any form of wrongdoing.

11. A fair construction of defendant Spears' statement would lead a reasonable listener or reader to believe that he intended a charge of personal contempt and

2



ridicule against plaintiffs as Chinese-Americans and others similarly-situated, suggesting that they attempted to fraudulently and illegally register to vote.

12. On several occasions during the last week of August 2015, after defendant Spears made his comments, uniformed and non-uniformed members of the Orange County Sheriff's Department – unannounced and without any advance notice - foreseeably sought entry into 140 Galley Hill Road.

13. Such visits were caused by Spears' comments and a predictable request of the Sheriff's Department to ascertain the *bona fides* of these newly registered voters.

14. In fact, as part of the registration process, the Orange County Board of Elections is required to verify, and had previously verified, the citizenship status of each of the plaintiff voters, approved their qualifications and sent some of them [and other similarly-situated Chinese-Americans residing at the same location], post cards showing the dates of the primary and general elections.

15. On or about August 27, 2015, after the unsuccessful visits by members of the Sheriff's Department, each of the plaintiffs and other similarly-situated Chinese-American voters residing at the same address received a letter from the Orange County Board of Elections stating that a challenge had been filed against each of their voter registrations and that an investigation was being conducted concerning the *bona fides* of their qualifications to register to vote.

16. This letter caused anguish to the plaintiffs, many of whom are related to persons who have been persecuted for their religious and spiritual beliefs and came to the United States with the belief that such persecution would not follow them here and was unlawful in our country.

17. In point of fact, defendant Spears issued his challenge because he assumed that the new registrants would support his opponent, Liam O'Neill, who had previously volunteered at the Buddha school temple at 140 Galley Hill Road, and who, as a matter of political strategy, defendant Spears intended to continue to associate with the Buddha school temple at 140 Galley Road during the 2015 campaign.

18. At no time did defendant Spears possess any information suggesting that any of the newly-registered plaintiffs engaged in any wrongdoing in registering or that the Board of Elections had incorrectly certified them as qualified voters.

19. As part of his baseless opposition to the voting rights of plaintiffs, defendant Spears also contacted Immigration and Customs Enforcement [ICE], suggesting some form of wrongdoing by plaintiffs to federal authorities.

20. This report was also baseless as the plaintiffs had engaged in no such fraud or wrongdoing when they registered to vote and defendant Spears had no basis for any such claim.

21. On or about September 16, 2015, due to defendant Spears' baseless challenge, the Orange County Board of Elections disqualified plaintiffs Fung and Wei as voters, wrongfully claiming that they only had "green cards" and could not register to vote.

22. As of that date, no one from the Board of Elections or the Orange County Sheriff's Department had spoken with, written to or otherwise contacted either Fung or Wei to verify their United States' citizenship or made any attempt to do so.

23. After receiving the disqualification-to-vote letters, on October 6, 2015, Fung and Wei went to the Orange County Board of Elections, showed the two Election Commissioners their United States passports and were advised that they would then be permitted to vote.

24. The Orange County Elections Commissioners also advised that the other recently registered Chinese voters should bring their passports when they went to vote on November 3, 2015.

25. The Commissioners of the Board of Elections have not made this suggestion to other qualified and eligible voters and did so here to allow plaintiffs and those similarly situated to proactively respond to anticipated challenges from defendant Spears and his supporters to the participation by plaintiffs and others similarly-situated in the 2015 election.

4

26. The suggestion made to plaintiffs demonstrates the reach of Spears' defamatory statement to each plaintiff who now has been smeared by the claim that the Chinese-Americans who registered using their address, 140 Galley Hill Road, did something wrong, suspicious or worthy of challenge.

27. Defendant Spears has made each plaintiff equally suspicious as each bears a Chinese surname, resides at 140 Galley Hill Road and recently registered to vote.

28. Moreover, the group of plaintiffs is small enough that defendant Spears' statements would reasonably be interpreted as referring to each.

29. At the time he made his baseless challenge predicated upon the number of Chinese-Americans people living at, and registering to vote from, one address, defendant Spears knew that many of those associated with the Buddha school temple at 140 Galley Hill Road had fled from religious and spiritual persecution and would react with fear to any effort to challenge their cherished status as United States citizens or their right to vote.

30. In fact, defendant Spears' challenge and the attendant and predictable investigation by the county Sheriff's Department caused plaintiffs to be wary of participating in the political process for fear of further retaliation and attention.

31. Each plaintiff has been damaged by feelings of humiliation, intimidation, emotional distress and anguish deriving from defendant Spears' defamatory statements suggesting that, as part of a group of Chinese-Americans residing at the same address, s/he had done something wrong by registering to vote.

## IV. **CAUSES OF ACTION**

32. Plaintiffs incorporate paras. 1-31 as if fully incorporated herein.

33. By knowingly making a baseless challenge to plaintiffs' right to register to vote as a vehicle to intimidate plaintiffs, defendant Spears, acting as the Town Supervisor, burdened plaintiffs' First Amendment right to freely associate with others of the same religion, the Fourteenth Amendment's prohibition against discrimination on the basis of national origin and religion and the Voting Rights Act's specific prohibition against intimidation of voters.

34. By publishing comments intended to condemn plaintiffs as a group for doing something improper, fraudulent or corrupt when they legally registered to vote, defendant Spears defamed each plaintiff, a claim for which this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. section 1367 as it arises out of the same nucleus of operative facts as their federally-cognizable claims.

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Honorable Court accept jurisdiction over this matter, empanel a jury to fairly hear all claims, enjoin defendant from further acts of voter intimidation, award to plaintiffs compensatory damages as against defendant for his violations of their constitutional rights and for the defamation visited upon each of them, award to plaintiffs punitive damages against defendant in his individual capacity for the defamatory comments he made against plaintiffs; award to plaintiffs the reasonable attorneys' fees and costs incurred in this matter and enter any other order the interests of justice and equity require.

Dated: October 22, 2015

Respectfully submitted,

MICHAEL H. SUSSMAN

SUSSMAN & WATKINS
PO BOX 1005
1 Railroad Avenue, Suite 3
Goshen, NY 10924
(845)-294-3991
(845)-294-1623 [fax]
Sussman1@frontiernet.net

Counsel for Plaintiffs

6